**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JERRY D. SCOLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-1007-M |
| ) | |
| MARGARET SPELLINGS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is defendant Secretary of Education's Motion to Dismiss [docket no. 12], filed November 16, 2007. On December 4, 2007, plaintiff filed his response. Based upon the parties' submissions, the Court makes its determination.

I.   BACKGROUND

Plaintiff commenced this cause of action against defendants United States Secretary of Education Margaret Spellings ("Secretary") and Aman Collection Services, Inc. ("Aman"), alleging breach of contract and violation of the Fair Debt Collection Practices Act ("FDCPA"). In 1988, plaintiff entered into student loans guaranteed by the United States Department of Education. Over the course of the loan, plaintiff made several payments to the note holder before he was unable to repay the full balance of the loan. Thereafter, plaintiff's loan went into default. According to plaintiff, he entered into a settlement agreement concerning the disputed debt to pay the amount of $1,200 to defendant Aman. Defendant Aman, however, did not discharge the loan when plaintiff tendered his $1,200 payment. Instead, defendant Aman requested that plaintiff remit $12,000, the corrected amount of the outstanding debt. Plaintiff contends that defendants Aman and Secretary breached the settlement agreement or contract, and that defendants Aman and Secretary violated the FDCPA by falsely representing the amount and/or legal status of his debt.

Defendant Secretary now moves to dismiss all claims against her for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Secretary further moves for dismissal pursuant to Federal Rule of Civil Procedure 4(m), 12(b)(4) and 12(b)(5), for failure to effect proper service.

II.   DISCUSSION

   A.   Subject Matter Jurisdiction

Defendant Secretary first asserts the Court lacks subject matter jurisdiction to adjudicate this dispute. Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Casteneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking". *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Id.* Therefore, plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

Plaintiff contends the United States Department of Education subjected itself to the jurisdiction of this Court pursuant to 20 U.S.C. § 1082(a)(2), which states:

> In the performance of, and with respect to, the functions, powers and duties, vested in him by this part, the Secretary may–
> ...

> (2) sue and be sued in any court of record of a State having general jurisdiction or in any district court of the United States, and such district courts shall have jurisdiction of civil actions arising under this part without regard to the amount in controversy, and action instituted under this subsection by or against the Secretary shall survive notwithstanding any change in the person occupying the office of Secretary or any vacancy in that office; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary or property under the Secretary's control and nothing herein shall be construed to except litigation arising out of activities under this part from the application of sections 509, 517, 547, and 2679 of Title 28;

20 U.S.C. § 1082(a)(2). According to plaintiff, this statute specifically states that the Secretary of the United States Department of Education may be sued in this Court. Plaintiff further requests leave to amend his Complaint to reflect this statutory basis for subject matter jurisdiction.

Having reviewed the parties' submissions, the Court agrees. On its face, the statute expressly confers jurisdiction upon the Court. The Court, therefore, grants defendant's motion to dismiss as to lack of subject matter jurisdiction.[1] A review of the Court file, however, shows that the Complaint does not assert the above-referenced statute or any other proper basis for the Court's jurisdiction. Furthermore, pursuant to Federal Rule of Civil Procedure 15, the Court grants plaintiff's request for leave to amend his Complaint to insert the statutory basis for jurisdiction.

B.  Failure to State a Claim

Defendant Secretary next asserts that plaintiff's FDCPA claim cannot lie against her as an officer of the United States. The relevant statute suggests that Congress enacted the FDCPA to combat abusive, deceptive and unfair debt collection practices by debt collectors. 15 U.S.C. §

---

[1] In footnote 3 of defendant Secretary's submission, she alleges that a one year statute of limitations exists for the Court's jurisdiction pursuant to 15 U.S.C. § 1692k(d), a jurisdictional basis which plaintiff has not invoked. Accordingly, the issue may only become ripe if plaintiff invokes this jurisdictional basis.

1692(e). The FDCPA prohibits debt collectors from making false or misleading representations, from placing repeated harassing phone calls and from engaging in other abusive practices. 15 U.S.C. §§ 1692(c), 1692c, 1692d, 1692e and 1692f. Further, the FDCPA imposes civil liability upon defendants who fall within the definition of a "debt collector." 15 U.S.C. § 1692k. Pursuant to the FDCPA:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.... The term does not include ... any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties[.]

15 U.S.C. § 1692a(6).

Defendant Secretary alleges that it does not fall within the definition of a "debt collector" for purposes of the FDCPA because (1) collection of debts is not a principal purpose of the department, and (2) when the department seeks repayment of a student loan, it is collecting on its debt and not a debt owed or due to another. In his response, plaintiff agrees that a direct cause of action against defendant Secretary for violation of the FDCPA does not exist because it is not a debt collector. The Court, therefore, grants defendant Secretary's motion to dismiss as to the FDCPA claim.

  C. <u>Service</u>

Finally, defendant Secretary asserts that plaintiff has failed to effect proper service upon her as an official of the United States government. Pursuant to Federal Rule of Civil Procedure 4(i)(1), service upon the United States shall be effected by:

> (A)(i) deliver[ing] a copy of the summons and of the complaint to the

>United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
>   (ii) send[ing] a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
>(B) send[ing] a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
>(C) if the action challenges an order of a nonparty agency or officer of the United States, send[ing] a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A) - (C). Where service upon the United States is lacking or improper, Federal Rule of Civil Procedure 4(m) allows a district court discretion to extend the time for service even when plaintiff has not shown good cause for the failure to effect service within 120 days. *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995).

In this case, plaintiff admits to misreading in the disjunctive the service requirement of subparagraphs A through C set forth in Federal Rule of Civil Procedure 4(i)(1). Plaintiff further alleges that failing to obtain service in accordance with Federal Rule of Civil Procedure 4(i)(1) is not a proper basis for dismissal because pursuant to Federal Rule of Civil Procedure 4(i)(4), the Court must allow reasonable time to serve process under 4(i) for the purpose of curing failure to serve. Having reviewed the parties' submissions, the Court finds this issue moot in light of the Court's grant of dismissal as to subject matter jurisdiction. Specifically, plaintiff will be required to serve to defendants the Amended Complaint. Accordingly, the Court denies the instant motion for failure to serve the Complaint as moot.

III.   CONCLUSION

For the reasons set forth in detail above, the Court hereby GRANTS IN PART and DENIES

IN PART defendant Secretary's motion to dismiss as follows:

- (A) The Court GRANTS the motion to dismiss as to the lack of subject matter jurisdiction, and

- (B) The Court GRANTS leave to amend the Complaint to insert the statutory basis for jurisdiction, to be completed by April 30, 2008, and

- (C) The Court GRANTS the motion to dismiss as to the failure to state a claim concerning FDCPA, and

- (D) The Court DENIES the motion to dismiss as to the failure to serve the Complaint as moot.

**IT IS SO ORDERED this 8th day of April, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE