IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY D. SCOLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-1007-M |
| | ) |
| MARGARET SPELLINGS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is defendant Aman Collection Services, Inc. ("Aman") with its motion to dismiss [docket no. 16] and defendant Secretary of Education with its motion to dismiss [docket no. 17]. Plaintiff has filed responses to both motions, and defendant Aman filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  BACKGROUND

Plaintiff commenced this action against defendants United States Secretary of Education Margaret Spellings ("Secretary") and Aman, alleging breach of contract and violation of the Fair Debt Collection Practices Act ("FDCPA"). In 1988, plaintiff entered into student loans guaranteed by the United States Department of Education. Over the course of the loan, plaintiff made several payments to the note holder before he was unable to repay the full balance of the loan. Thereafter, plaintiff's loan went into default. According to plaintiff, he entered into a settlement agreement concerning the disputed debt to pay the amount of $1,200 to defendant Aman. Defendant Aman, however, did not discharge the loan when plaintiff tendered his $1,200 payment. Instead, defendant Aman requested that plaintiff remit $12,000, the corrected amount of the outstanding debt. Plaintiff contends that defendants Aman and Secretary breached the settlement agreement or contract, and that defendants Aman and Secretary violated the FDCPA by falsely representing the amount and/or

legal status of his debt.

Defendants now move to dismiss all claims for the lack of subject matter jurisdiction and the failure to state a claim. Furthermore, defendant Secretary further moves to dismiss on the additional basis that plaintiff failed to effect proper service of process pursuant to Federal Rule of Civil Procedure 4(m).

II.   DISCUSSION

Defendants assert the Court lacks subject matter jurisdiction to adjudicate this dispute. Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Casteneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking". *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Id.* Therefore, plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

Plaintiff first asserts the Court has jurisdiction pursuant to the Higher Education Act of 1965, 20 U.S.C. § 1082(a)(2), which provides:

> In the performance of, and with respect to, the functions, powers and duties, vested in him by this part, the Secretary may–
> ...
> (2) sue and be sued in any court of record of a State having general jurisdiction or in any district court of the United States, and such district courts shall have jurisdiction of civil actions arising under this

part without regard to the amount in controversy[.]

20 U.S.C. § 1082(a)(2). According to plaintiff, this statute specifically states that the Secretary of the United States Department of Education may sue and be sued in this Court.

It is well established that a plaintiff who sues an officer of the United States must demonstrate an explicit statutory waiver of sovereign immunity. *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992). On the matter of sovereign immunity, "the terms of [the sovereign's] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976). A waiver cannot extend beyond its explicit statutory language and must be strictly construed in favor of the sovereign. *Fostvedt*, 978 F.2d at 1202-03.

Defendant Secretary asserts that the sue and be sued clause has been limited solely to provisions within the chapters and/or sub-chapters of specific bodies of law within the respective statutes. As stated above, the instant statute authorizes defendant Secretary to sue and be sued "with respect to, the functions, powers, and duties, vested in [her] by this part," and grants to the district courts "jurisdiction of civil actions arising under this part". 20 U.S.C. § 1082(a)(2). This sue and be sued provision is located in Title 20, United States Code, Chapter 28, Subchapter IV, Part B, which governs the Federal Family Education Loan Program. The stated purpose of instant statute is to enable the Secretary "to encourage States and nonprofit institutions to establish adequate loan insurance programs", "to provide a Federal program of student loan insurance", "to pay a portion of the interest on loans to qualified students", "to guarantee a portion of [student] loan[s]" and to fight loan discrimination by creditors. 20 U.S.C. § 1071(a)(1) & (2).

Having reviewed the Amended Complaint, the Court finds that plaintiff has not pointed to any provision in the Higher Education Act of 1965 which suggests that payment of damages for an

alleged contractual breach by either a private corporation defendant or the Secretary falls within the functions, powers, and duties of the Secretary.  Furthermore, the Court finds no allegation in the Amended Complaint which suggests an effect on a provision of the Higher Education Act of 1965 or right which will be protected under the Federal Family Education Loan Program.  The Court, therefore, is left to conclude that plaintiff does not seek to enforce the provisions of the Higher Education Act of 1965 itself, nor the functions, powers, and duties of the Secretary.  Accordingly, the Court finds that the instant statute does not confer jurisdiction over plaintiff's breach of contract claim.

Plaintiff further asserts the Court has jurisdiction pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.  However, the instant statute imposes a statute of limitations period for civil liability with respect to any claimed violation as follows:

> (d)   Jurisdiction
>
> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. § 1692k(d).

Defendant Aman asserts that a letter directed to plaintiff on April 23, 2004 triggered the statute of limitations period on plaintiff's instant claim.  Defendant Aman contends that since plaintiff filed his original Complaint on September 13, 2007, more than three years has elapsed since the claim accrued and this is well past the statute of limitations.  For similar reasons, defendant Secretary asserts that the instant statute is not a proper basis for jurisdiction against her as well.

Plaintiff asserts that defendants' representations vastly understate the amount of collection

action that took place in that each individual collection action violates the instant statute based upon a settlement agreement reached in 2004.[1]  However, courts presented with similar circumstances have consistently rejected the application of any continuing violation theory to the one-year limitations period imposed under the Fair Debt Collection Practices Act.  *See, e.g., Camacho v. Nat'l Credit Adjustment Agency*, No. CV-06-5040-FVS, 2007 WL 760416, at * 2 (E.D. Wash. March 8, 2007), *Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999).

Having reviewed the Amended Complaint, the Court finds that plaintiff's Fair Debt Collection Practice Act claim is time-barred.  Specifically, the Court finds that the limitations period was triggered in 2004, and the instant suit was filed more than three years later in 2007.  Furthermore, the Court finds, in light of the authorities, that each individual collection or successive garnishment does not establish a continuing violation of the Fair Debt Collection Practice Act.

### III.  CONCLUSION

For the reasons set forth in detail above, the Court hereby GRANTS the motions to dismiss.

**IT IS SO ORDERED this 18th day of September, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[1] The Court would note that plaintiff has not cited caselaw to support his assertion of the continuing violation theory.